UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIANE SLATER,

    Plaintiff,

  v.

FDIC AS RECEIVER FOR FIRST REPUBLIC BANK,

    Defendant.

Case No. 23-cv-03703-JD

**ORDER RE STAY**

  The Federal Deposit Insurance Corporation (FDIC) stepped in as a receiver for First Republic Bank on May 1, 2023, when the bank faced imminent collapse. Pursuant to Section 1821(d)(12)(A) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12)(A), the FDIC has asked for a statutory 90-day stay of this employment case against the bank, which was pending when it became a receiver. Dkt. No. 3. Plaintiff Slater did not oppose a stay.

  Section 1821(d)(12)(A) states:

> After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed
> (i) 45 days, in the case of any conservator; and
> (ii) 90 days, in the case of any receiver,
> in any judicial action or proceeding to which such institution is or becomes a party.

The plain intent of this provision is to give the FDIC some "breathing room" after an appointment as a receiver for a bank typically in "a state of profound disarray." *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 60 (3d Cir. 1991). A timely request for a stay must be granted. 12 U.S.C. § 1821(d)(12)(B).

  Although the request appears to be straightforward and is unopposed, there is a wrinkle that cannot be ignored. It appears that our circuit has not construed Section 1821(d)(12)(A), and the FDIC did not cite any cases to that effect. The out-of-circuit cases the FDIC relies on have

noted that Section 1812(d)(12)(A) is not crystal clear about the timing of the stay. The leading decision, which the FDIC cites with approval, *see* Dkt. No. 3 at 2, is by the Third Circuit, which analyzed Section 1812(d)(12) in depth and concluded that it entitles the FDIC to request a stay within the first 90 days of its appointment that must expire no later than 90 days from the date of appointment. *See Praxis Properties*, 947 F.2d at 70–71. To use an example provided in *Praxis*, this means that a request for a stay made 30 days after appointment would "only last the remaining 60 days of the 90-day period following appointment." *Praxis*, 947 F.3d at 71.

*Praxis* was decided in 1991 and has been widely followed since then, including by district courts in our circuit. *See, e.g., Protzmann v. Historical Real Estate and Finance Co.*, Case No. cv-08-03385 SJO, 2009 WL 10672326 (C.D. Cal. Jan. 23, 2009). The FDIC has not presented a good reason to depart from its construction of the statute. The FDIC suggests it is entitled to a full 90-day stay irrespective of when it requests it within the first 90 days of a receivership appointment. Congress clearly envisioned a brief period of relief from ongoing litigation to allow the FDIC to get organized, but nothing in the plain language of Section 1812(d)(12)(A) indicates that Congress intended for the FDIC to litigate a case for 89 days and then pause the proceedings at its election.

Consequently, under *Praxis*, the FDIC was entitled to a four-day stay of this case. It was appointed receiver for First Republic on May 1, 2023, Dkt. No. 3 at 1, and so the 90-day period elapsed on July 30, 2023. It did not file the request for a stay until July 26, 2023. *Id*.

Even so, the Court grants a 45-day stay from the date of this order in its case management discretion. This stay is relatively brief and will cause no obvious prejudice to plaintiff or otherwise unduly delay resolution of this case. The FDIC suggests it may seek another stay at some point in connection with its administrative claims process. Dkt. No. 3 at 2. The FDIC may request one as warranted, but that issue is not presently before the Court.

**IT IS SO ORDERED.**

Dated: August 11, 2023

JAMES DONATO
United States District Judge

2