SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant and Proper Party in Interest
FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for First Republic Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE SLATER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First Republic Bank,<br><br>    Defendant. | Case No.: 3:23-cv-03703-JD<br><br>**DEFENDANT'S SECOND UNOPPOSED MOTION TO STAY, AND REQUEST TO RESCHEDULE CASE MANAGEMENT CONFERENCE** |

## MOTION

The Federal Deposit Insurance Corporation (FDIC) as a receiver for First Republic Bank (FDIC-R) moves the Court for a second stay of this action to allow for the ongoing administrative process associated with Plaintiff Diane Slater's claims to be completed.  The FDIC-R also asks the Court to continue the Case Management Conference that is currently set for November 2, 2023 until such time as the second stay is lifted or until February 25, 2024, whichever occurs first.

GOOD CAUSE exists for this motion because the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) vests jurisdiction over Ms. Slater's claims in the FDIC-R until the administrative process is closed.  The administrative process remains open and ongoing, so a stay is proper and better for the Court and the parties compared to other options.

Further GOOD CAUSE exists because Ms. Slater does not oppose this motion and will not be prejudiced by it. Indeed, she may be prejudiced if a stay is *not* granted because (1) that course may force her to prosecute her claims in two separate forums at the same time or (2) may subject her to a motion to dismiss in this Court due to the pendency of the administrative process currently before the FDIC. Finally, the delay will potentially save judicial resources while complying with the Ninth Circuit caselaw interpreting FIRREA.

## POINTS AND AUTHORITIES

The FDIC-R asks for a second stay of this case. Plaintiff Diane Slater's administrative claim is now properly before the FDIC as part of its work unwinding First Republic Bank. The FDIC-R has been reviewing, managing and attempting to dispose of all of the legal claims that were pending against that bank at the time the receivership took effect on May 1, 2023, Ms. Slater's being just one of many.

According to FIRREA, the FDIC administrative claims review process is designed to "determine" claims against a bank that is in receivership (*Id.* § 1821(d)(3)) and give the FDIC the opportunity to allow, disallow, and pay them as part of the administrative process. *Id.* § 1821(d)(5)(A)(i). Any party with an action pending at the time the FDIC is appointed as the receiver must, as a jurisdictional matter, submit their claim and comply with this administrative procedure. 12 U.S.C. §§ 1821(d)(6)(A), (d)(13)(D)(i)-(ii); *McBride Cotton and Cattle Corporation v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002); *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278 (9th Cir. 1994).

Stated otherwise, it would be inappropriate to proceed with litigation while the claims review process is ongoing. FDIC-R is handling the administrative claim, and may resolve it without any litigation as specified above. That has yet to happen, so we must wait for the process to unfold.

This result is spelled out in the law. The FIRREA statute says in part:

…no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

      (ii)    any claim relating to any act or omission of such institution or the Corporation as receiver.

*Id.* at § 1821(d)(13)(D).

Because this statute designates the current administrative procedure to be the exclusive jurisdictional provision for claims against the receivership estate at this stage, this court case needs to wait until the completion of the FDIC's work. *Shaw v. Bank of America*, 946 F.3d 533, 538 (9th Cir. 2019)(FIRREA "strips courts of jurisdiction" over a claim that has not been exhausted). Pending lawsuits must be stayed or dismissed until the time that the administrative process is complete. *In re First City Nat'l Bank Trust Co.*, 759 F. Supp. 1048 (S.D.N.Y. 1991).

While the case could be dismissed without prejudice due to the pendency of the administrative claims process,[1] the FDIC-R submits that it is in the interest of judicial efficiency to simply stay the lawsuit to allow for the administrative process to unfold as necessary. The Ninth Circuit has recognized that, in cases where a plaintiff commences an action against a bank before the bank's failure and the appointment of the FDIC as receiver, a stay rather than dismissal of the pending action is appropriate if the district court wishes to exercise its discretion that way. In particular, the court has observed that:

> [S]ome courts, addressing the issue of jurisdiction over actions pending at the time of the FDIC's appointment as receiver, have stayed, not dismissed, the actions. We agree that a stay may be appropriate where the district court examines jurisdiction when the claimant still has time to file an administrative claim with the FDIC before the administrative bar date passes. Dismissal may not be appropriate in such a case because the claimant still can comply with FIRREA's exhaustion requirement. The ***district court technically does not lose jurisdiction over the case until the claimant fails to file a timely administrative claim***. *See, e.g., Marquis v. FDIC*, 965 F.2d 1148, 1154–55 (1st Cir.1992) (observing that ***FIRREA's purpose, the efficient processing of claims against failed banks, "would be disserved by forcing the courts to dismiss all pending litigation, only to have the cases refiled when and if administrative settlement proved impracticable"***); *Carney*, 19 F.3d at 955 (reversing district court's dismissal for lack of subject matter jurisdiction and approving of *Marquis'* language that a court should stay an action to permit exhaustion); *Coston v. Gold Coast Graphics*, 782 F.Supp. 1532, 1536 (S.D.Fla.1992) (deciding that a court should grant a stay until claimants comply with FIRREA when the case was pending before the FDIC's appointment as receiver).

---

[1] *See, e.g., Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211–12 (9th Cir. 2012)(exhaustion of FIRREA's administrative remedies called a "jurisdictional bar"); *Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir. 2007)("individuals seeking to make claims that affect assets acquired by the FDIC in its capacity as a conservator or receiver must exhaust the FDIC's administrative claims process before seeking judicial review").

3

DEFENDANT'S SECOND UNOPPOSED MOTION TO STAY,
AND REQUEST TO RESCHEDULE CMC

305407187v.1

*Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1284 (9th Cir. 1994) (emphasis added).

The mechanism of staying the pending matter rather than dismissing it is consistent with *International Travel Marketing, Inc.*, as well as the purpose of FIRREA to provide for efficient processing of claims[2] and to avoid forcing courts to dismiss claims only to be refiled "when and if administrative settlement proved impracticable." *Marquis v. FDIC*, 965 F.2d 1148, 1154–55 (1st Cir. 1992).

It appears from the Ninth Circuit guidance that a stay is preferred to dismissing or litigating on a dual track while the administrative claim is being processed. Concurrent litigation would be inconsistent with FIRREA's purpose of providing for the quick resolution of claims against failed financial institutions in federal receivership and its concern for conserving judicial resources. *See Rundgren v. Washington Mutual Bank, FA*, 760 F.3d 1056 (9th Cir. 2014). There, the court observed that, "[t]he comprehensive claims process allows the FDIC to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution." *Id.* at 1060.

On May 1, 2023, First Republic Bank was closed by the California Department of Financial Protection and Innovation, and the FDIC was appointed as the receiver. Case 3:23-cv-03703, EFC No. 1, Exhs. E&F respectively. Judicial notice requested per Fed. R. Evid. 201(c)(2). The FDIC-R then substituted into the place of First Republic Bank as a real party in interest and removed Ms. Slater's two actions to this court,[3] then had them related per Civil Local Rule 3-12. Case 3:23-cv-03703-JD, EFC No. 11 (Aug. 16, 2023). *Id.*

Ms. Slater filed her claims in receivership on July 7, 2023, and the FDIC-R has jurisdiction over them[4] to process the claims for 180 days. 12 U.S.C. § 1821(d)(5)(A)(i). Thus, the FDIC-R could be in the administrative process until December 26, 2023.

Permitting the administrative process to proceed without litigating on parallel tracks will result in the FDIC allowing or denying Ms. Slater's claim (in whole or in part), and may dispose of the dispute

---

[2] *Shaw*, 946 F.3d at 537 (FIRREA's "comprehensive claims process allows the FDIC…to expeditiously wind up the affairs of failed banks without unduly burdening the District Courts.").
[3] *See* Case No. 3:23-cv-03747, EFC No. 1 (Jul. 27, 2023) *and* Case No. 3:23-cv-03703, EFC No. 1 (Jul. 26, 2023).
[4] 12 U.S.C. § 1821(d)(13)(D).

altogether without the added expense of litigation or the potential for competing outcomes in two separate forums. 12 U.S.C. § 1821(d)(5)(A). If the FDIC disallows a claim, then Ms. Slater "may request administrative review of the claim . . . or file suit on such claim" in the district court. *Id.* § 1821(d)(6)(A)(ii). Staying this action to allow for this process to play out is the best way forward for all parties and the court.

Finally, there are three ways to conclude that there is no prejudice to Ms. Slater by the stay:

1. Ms. Slater does not oppose this motion.
2. Allowing the administrative process to pan out may provide Ms. Slater with an administrative claim against the estate or an opportunity to settle the claim directly with the FDIC-R. If either happens, this court will not have to get involved in the matter ever. If neither happens, she is still free to pursue the case in the district court.
3. Ms. Slater's claims prior to the bank's failure were long-standing and slow-moving. They are associated with her work for the bank, which ended in 2018. She has brought two matters, both pending for years. The first was a 2020 state court lawsuit that has never been served and was not at issue at the time of removal to this court. The other was in arbitration before JAMS since 2021. An arbitration hearing had never been calendared. *Compare*, Case No. 3:23-cv-03747, EFC No. 1, ¶¶ 1 & 2 (Jul. 27, 2023)(removal of state court action with averments noted in first two paragraphs) *with* Case No. 3:23-cv-03703, EFC No. 1, ¶¶ 1 to 4 (Jul. 26, 2023)(removal of arbitration complaint that had been answered). Fed. R. Evid. 201(c)(2).

The FDIC-R has already received a stay from the Court. It was granted a 45 day stay on August 11, 2023, and was given permission to seek this new stay "as warranted." Dkt. No. 10 at 2. This is the second stay sought.

Based on the above, the FDIC respectfully requests that this Court provide for a new stay. In considering prospective dates for the stay's end, the FDIC-R suggests three alternatives. The FDIC's administrative review process is ongoing and will end no later than **December 26, 2023**. So, the Court

may wish to order the stay lifted either (1) at the time the administration of Ms. Slater's claim in receivership is completed or (2) on December 27, 2023, whichever is earliest.

A third date also makes sense. After the claims process is done, Ms. Slater will have 60 days to pursue her claims in this court or alternatively file for administrative review. 12 U.S.C. § 1821(d)(6)(A). That 60 day period, as measured from December 27, 2023, is **February 25, 2024**. The FDIC-R would like this date because it should provide time for the entire administrative process to be wound up, and allows Ms. Slater to decide whether to take affirmative steps to continue her claim, if she so chooses, should it be disallowed administratively.

In addition to the stay, the FDIC-R also requests that the Court allow for a joint status report to be filed on December 27, 2023, the expiration of the FDIC's 180 day review period. *See* 12 U.S.C. § 1821(d)(5)(A).

DATED: October 23, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Brian T. Ashe
Brian T. Ashe
Attorneys for Defendant and
Proper Party in Interest
FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
First Republic Bank

6

DEFENDANT'S SECOND UNOPPOSED MOTION TO STAY,
AND REQUEST TO RESCHEDULE CMC

305407187v.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On October 23, 2023, I served the within document(s):

- **DEFENDANT'S SECOND UNOPPOSED MOTION TO STAY, AND REQUEST TO RESCHEDULE CASE MANAGEMENT CONFERENCE**

¨ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

¨ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

¨ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

¨ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

**X** electronically by using the Court's ECF/CM System.

Douglas Allen Prutton
Law Offices of Douglas A. Prutton
1985 Bonifacio Street, Suite 101
Concord, CA 94520

Phone:   (925) 677-5080
Fax:      (925) 677-5089

*Attorneys for Plaintiff*
Diane Slater

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 23, 2023, at San Francisco, California.

*/s/ Jonathan Daniel Melendez*
Jonathan Daniel Melendez