Douglas A. Prutton, Esq.
State Bar No. 118300
LAW OFFICES OF DOUGLAS A. PRUTTON
1985 Bonifacio Street, Suite 101
Concord, CA 94520
Ph:     (925) 677-5080
Fax:    (925) 677-5089

Attorney for Plaintiff Diane Slater

UNTIED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIANE SLATER,

          Plaintiff,

vs.

FDIC, AS RECEIVER FOR FIRST REPUBLIC BANK

          Defendant

CASE NO. 23-cv-03703-JD

**PLAINTIFF'S RESPONSE TO OSC**

Plaintiff Diane Slater responds as follows to the OSC issued by the Court on September 19, 2024 regarding a failure to prosecute.

Plaintiff Diane Slater worked as a branch manager of First Republic Bank in Danville, California for many years. After her employment ended, she sued First Republic Bank for

various wage and hour claims in state court, which eventually ended up in binding arbitration. During the arbitration, First Republic Bank went into FDIC receivership. Ms. Slater made a claim with FDIC. Ms. Slater then filed the present action.

As the Court has noted, this case was stayed by the Court until August 12, 2024 as the plaintiff's claim with the FDIC was still pending, there was an issue regarding potential insurance coverage, and the parties were considering mediation. The parties were to file a status report by August 19, 2024.

Plaintiff's counsel and his wife were on the west side of Vancouver Island on August 19, 2024 and internet access was very spotty. Linda Wong, FDIC's attorney, sent plaintiff's counsel an email on August 19, 2024 stating that she would prepare a draft status report for plaintiff's counsel's review. Plaintiff's counsel did not receive that email until later due to the spotty internet access. When Ms. Wong sent the email she received an automatic response that plaintiff's counsel was on vacation. She then filed unilaterally a status report with the Court.

Plaintiff's counsel apologizes to the Court and to Ms. Wong for not participating in the status report. He should have taken care of it before he left for vacation.

As to the status of the case, on June 24, 2024 Ms. Wong provided plaintiff's counsel with a declarations page for an insurance policy that includes coverage for "employment practices liability." However, the declarations page seems to indicate that there is a $350,000.00 deductible ("third party retention"). Ms. Slater has alleged that her claims exceed this amount. Plaintiff's counsel has contacted the insurance carrier (National Union Fire – part of AIG) about Ms. Slater's claim, but a claims person has not yet reached out to him.

Ms. Wong also provided plaintiff's counsel with a balance sheet summary on May 21, 2024 listing the assets and liabilities of First Republic Bank. She indicated that it appeared it was unlikely there would be money left over for Ms. Slater's claim.

On September 9, 2024, plaintiff's counsel sent an email to Ms. Wong stating that the parties should try to agree on an amount for a receivership certificate. It is plaintiff's counsel's understanding based on conversations with Ms. Wong and other counsel for the FDIC that the best Ms. Slater can do is to obtain a receivership certificate and then hope there is money left over from the receivership for her claim. If she litigates the case and prevails the resulting Judgment would just be the equivalent of a receivership certificate.
Plaintiff's counsel in his email to Ms. Wong on September 9, 2024 suggested that they try to agree on an amount for a receivership certificate by way of negotiation directly between them, or by way of mediation. Plaintiff's counsel is waiting for a response to that email.

It would seem to be a waste of everyone's time and money to proceed forward with discovery and trial preparation if eventually there is no money available in the receivership. The receivership, however, is still proceeding and so it is unknown if there will be money available for Ms. Slater's claims. Plaintiff's counsel asked Ms. Wong in his last email if she knew when the receivership might be completed. If First Republic Bank was in bankruptcy there would be an automatic stay of the litigation, but there does not appear to be any such stay for receivership proceedings.

Plaintiff's counsel suggests that a further stay should be issued by the Court in order for the parties to agree on an amount for a receivership certificate (either by way of direct negotiation or mediation), for plaintiff's counsel to inquire further about possible insurance coverage, and for the receivership to be completed.

|   |   |
|---|---|
| Dated: 9/26/2024 | LAW OFFICE OF DOUGLAS A. PRUTTON<br><br>*signature*<br>Douglas A. Prutton<br>Attorney for Claimant Diane Slater |

CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States or employed in the County of Contra Costa, California, over the age of 18 years, and not a party to the within entitled action. I am an employee of the Law Offices of Douglas A. Prutton, and my business address is 1985 Bonifacio Street, Suite 101, Concord, California 94520, telephone number (925) 677-5080, facsimile number (925) 677-5089.

On **September 26, 2024** I served the following described document:

**PLAINTIFF'S RESPONSE TO OSC**

**[x ] By EMAIL**– On. **September 26, 2024**  I attached the documents described above as an email transmission to the following attorneys:

Linda Wong
LWong@wongfleming.com

Daniel Fleming
dfleming@wongflemming.com
dstokes@wongfeming.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **September 26, 2024**  at Concord, California.

_____
Karina L. Gonzalez
Legal Assistant to Douglas A. Prutton